**UNITED STATES of America,**
**Appellee,**

v.

**Constantine McLAUGHLIN,**
**a.k.a. Conrad, a.k.a. Face,**
**Defendant–Appellant.**

**No. 06–1200–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 6, 2007.

Daniel S. Silver (David C. James, Elizabeth J. Kramer, Assistant United States Attorneys, of counsel, on the brief), Assistant United States Attorney, of counsel, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Phillip Katowitz, Brooklyn, NY, for Defendant–Appellant.

Present: Hon. THOMAS J. MESKILL,* Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

Constantine McLaughlin appeals from a judgment of conviction, dated March 14, 2006, principally sentencing McLaughlin to 10 years' imprisonment. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

While McLaughlin's challenges to the judgment of conviction are without merit, we note that the district court erred when it concluded that McLaughlin's statement to police was not a confession for purposes of 18 U.S.C. § 3501 because the

---

\* The Honorable Thomas J. Meskill, who was a member of this panel died on October 29, 2007. Prior to his death, he participated in the consideration and decision of this case. The two remaining members of the panel decide this appeal pursuant to 2d. Cir. R. § 0.14(b).

\*\* The Honorable Edward R. Korman, Judge of the United States District Court for the Eastern District of New York, sitting by designation.

statement was exculpatory.[1] The Government used McLaughlin's statement against him, both because it established that he was on Staten Island on the day of the murder and because it established that he lied to the FBI about his activities that day. This use of McLaughlin's account made his statement "self-incriminating," *id.* § 3501(e), even if he had not intended it to be so, and therefore satisfied the statutory definition of a confession.

■■■ Even if McLaughlin's statement was a confession, the district court did not err by failing to instruct the jury on voluntariness because that issue was never raised at trial. *See United States v. Fuentes*, 563 F.2d 527, 535 (2d Cir.1977) (noting that an instruction on voluntariness under § 3501 is only mandated "where an issue of voluntariness has in fact been raised at trial"). Moreover, any error in failing to instruct the jury on voluntariness would not have been prejudicial, as the Government made limited use of McLaughlin's statement at trial.

We have considered all of the defendant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. We presume without deciding that the portion of 18 U.S.C. § 3501(a) requiring the trial court in certain instances to instruct the jury on the issue of voluntariness survives *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000).

